IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**SHERYL C.,**[1]

                        Plaintiff,           Civ. No. 6:20-cv-00150-MK

     v.                                            **OPINION AND ORDER**

**COMMISSIONER SOCIAL
SECURITY ADMINISTRATION,**

                        Defendant.

_____

**KASUBHAI, Magistrate Judge:**

Plaintiff Sheryl C. ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") decision denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons below, the Commissioner's final decision is reversed.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental parties in this case.

Page 1 – OPINION AND ORDER

## BACKGROUND

Plaintiff filed her application for DIB on August 9, 2016. Tr. 159. She alleged disability as of September 21, 2015 due to essential tremor, history of alcohol abuse, history of deep vein thrombosis in the left lower extremity and pulmonary embolism with IVC filter, anxiety disorder, and depressive disorder. Tr. 17. Plaintiff was 55 years old on her alleged onset date and has past work experience as a healthcare office manager for almost 20 years. Tr. 37, 191-92, 202.

Plaintiff's claims were denied initially and upon reconsideration. Tr. 92, 97. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ") and appeared for a hearing on September 18, 2018 before ALJ Katherine Weatherly. Tr. 30. In a written decision dated November 27, 2018, the ALJ denied Plaintiff's application. Tr. 25. The Appeals Council denied Plaintiff's subsequent petition for review, rendering the ALJ's decision final. Tr. 3. This appeal followed.

## STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. Davis v. Heckler, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. See 20 C.F.R. § 404.920(a)(4). The burden of proof rests upon the claimant at steps one through four, and with the Commissioner at step five. Id.; Bustamante v. Massanari, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner must demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. Id. If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. Id.; see also Bustamante, 262 F.3d at 953–54.

The ALJ performed the sequential evaluation. At step one, the ALJ found that Plaintiff had not performed substantial gainful activity since her alleged onset date. Tr. 17. At step two, the ALJ found Plaintiff had the severe impairments of essential tremor, history of alcohol abuse, history of deep vein thrombosis in the left lower extremity and pulmonary embolism with IVC filter, anxiety disorder, and depressive disorder. Tr. 17.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the listings. Tr. 18; 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to step four, the ALJ determined that Plaintiff's RFC allowed her to perform a full range of work at all levels with the following limitations:

> [T]he claimant will require the option to alternate between sitting and standing at will while remaining on task. She can perform frequent, fine and gross manipulation with the bilateral upper extremities. The claimant can occasionally perform tasks involving telecommunication or excellent speaking skills. She must avoid concentrated exposure to

>hazards. She can understand, remember, and carry out simple, routine, and repetitive tasks with occasional public and co-worker interaction.

Tr. 19.

At step four, the ALJ found that Plaintiff did not have any past relevant work. Tr. 23. At step five, the ALJ found that based on Plaintiff's age, education, and RFC, she could perform jobs that exist in significant numbers in the national economy, including back office helper, routing clerk, photocopying machine operator, and laundry worker. Tr. 24, 50-55. The ALJ therefore concluded that Plaintiff was not disabled. Tr. 25.

Plaintiff contends the ALJ erred by (I) failing to properly evaluate the medical evidence and (II) concluding at step five that Plaintiff was not disabled.

## I. Medical Opinion Evidence

Plaintiff first argues that the ALJ improperly evaluated the medical evidence because she rejected the opinions of examining physician Thomas Schweller, M.D., and consultative psychologist Scott Kaper, Ph.D. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" Id. (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'" Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick

v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Id. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Id. at 1012-13 (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)).

### 1. Examining Physician Thomas Schweller, M.D.

Dr. Schweller performed a neurological examination of Plaintiff in October 2016. Tr. 22, 301-03. He found that Plaintiff had a tremor in her upper extremity and opined that Plaintiff would be limited to a light exertional work with additional manipulative limitations and limitations in extensive communication. Tr. 22, 303. The ALJ incorporated some of these limitations into the RFC but partially rejected Dr. Schweller's opinion. Tr. 22.

In support of her rejection of part of Dr. Schweller's opinion, the ALJ noted that his opinion conflicted with the essentially normal treatment notes from his evaluation of Plaintiff. Tr. 22, 302. The ALJ may consider the consistency of any medical opinion with the record as a whole. Batson v. Comm'r, 359 F.3d 1190, 1193 (9th Cir. 2004). Further, "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Chaudhry v. Comm'r, 688 F.3d at 671. Here, Dr. Schweller's treatment notes reveal that Plaintiff exhibited full strength in her upper and lower extremities and had a grip strength of 40 pounds in her non-dominant hand and 60 pounds in her dominant hand. Tr. 302. At the administrative hearing, Plaintiff testified that she had no limitations

in lifting. Tr. 20, 38-39. On this record, the ALJ reasonably inferred that Dr. Schweller's manipulative limitations were not supported by the record. Batson, 359 F.3d at 1193.

### 2. Consultative Psychologist Scott Kaper, Ph.D.

Consultative agency psychologist Scott Kaper, Ph.D., reviewed Plaintiff's medical records in February 2017. Tr. 74-90. Dr. Kaper opined that Plaintiff's symptoms had stabilized and that she would be limited to simple one- to two-step tasks with occasional public and co-worker limitations. Tr. 85-86.

The ALJ gave Dr. Kaper's opinion great weight but rejected the portions of his opinion that conflicted with the RFC. A non-examining physician's opinion counts as substantial evidence only when "supported by other evidence in the record." Andres v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). The ALJ may reject a physician's opinion that conflicts with a claimant's activity level. Ford v. Saul, 950 F.3d 1141, 1155 (9th Cir. 2020). In her discussion of Dr. Kaper's opinion, the ALJ noted Plaintiff testified to a level of functioning and improvement inconsistent with Dr. Kaper's assessed limitations. Here, Plaintiff's testimony indicated that she could complete activities of daily living and help care for her disabled husband and adult daughter, as well as her elderly mother. Tr. 22, 34-36, 40. Plaintiff also testified that her symptoms improved with treatment, and her activities, which included paying bills, cooking, driving, and running errands, constitute a reasonable basis from which the ALJ inferred that Dr. Kaper's limitation to one- to two-step tasks was not supported by Plaintiff's activity level. On this record, The ALJ reasonably rejected part of Dr. Kaper's opinion as unsupported by the record. Andres v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). The ALJ provided a legally sufficient reason for rejecting the Dr. Kaper's opinions. Batson, 359 F.3d at 1193; Ford, 950 F.3d at 1154-55.

**II.   Step Five Findings**

Plaintiff argues, finally, that the ALJ committed legal error at step five. Plaintiff first notes that if the ALJ had credited the medical opinions of Drs. Kaper and Schweller, she would have found Plaintiff disabled at step five. As discussed above, however, the ALJ properly rejected parts of these opinions and was therefore not required to incorporate the properly rejected limitations into Plaintiff's RFC.

Plaintiff next argues that the ALJ erred in her application of the Medical-Vocational Guidelines or "Grid Rules." Here, finding that Plaintiff had no exertional limitations, the ALJ applied Rule 204.00 as the framework for analysis, obtaining vocational expert testimony to conclude that Plaintiff was not disabled. Tr. 24, 49-55; see also Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002). The ALJ's analysis under Rule 204.00 was inapposite, however, because Plaintiff had exertional limitations.

The Ninth Circuit defines "exertional activity" as "primarily involving the strength requirements of sitting, standing, walking, lifting, carrying, pushing, and pulling." Cooper v. Sullivan, 880 F.2d 1152 (9th Cir. 1989). Here, Plaintiff's RFC includes restrictions on her ability to sit and stand, and thus contains exertional limitations. Considering these limitations, the VE testified that Plaintiff's capacity for medium level work would be significantly reduced, and only identified one occupation within the "medium" range that Plaintiff could perform. Tr. 52.

Rule 202.00(c) provides that when an individual is of advanced age and has both exertional and nonexertional limitations, the ALJ must identify a significant range of work the claimant can perform in order to find the claimant not disabled. Specifically, Rule 202.00(c) states that "for individuals of advanced age who can no longer perform vocationally relevant past work" and "who have only skills that are not readily transferable to a significant range of semi-skilled or skilled

work … the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled." [2]

Here, Plaintiff was 55 years old as of her alleged onset date and is thus considered an individual of advanced age. Tr. 37. Plaintiff's RFC contains both exertional and nonexertional limitations. Tr. 19. At step four, the ALJ determined that Plaintiff had no past relevant work. Tr. 23. At step five, the ALJ found, based on VE testimony, that could perform a range of work that included one "medium" exertion job and three occupations at the "light" exertion level. Tr. 24. Given Plaintiff's age, experience, and limitations, the ALJ was required under Rule 202.00(c) to identify a significant range of work that Plaintiff could perform at the "medium" level in order to find her not disabled. At the administrative hearing, the VE testified that Plaintiff's capacity for medium level work was significantly reduced and identified only one medium-exertion job that Plaintiff could perform. Tr. 52. The issue is thus whether the ALJ satisfied Rule 202.00(c) by finding a "significant range" of medium work that Plaintiff could perform given her limitations.

The Ninth Circuit interprets "a significant range of … work" such that the ALJ must identify more than one representative occupation to satisfy the Medical-Vocational Rule's requirement. Lounsburry v. Barnhart, 468 F.3d 1111, 1117 (9th Cir. 2006). Here, because the ALJ only identified one medium-exertion occupation that Plaintiff could perform given her age, skills,

---

[2] 202.00(c) states in full:

However, for individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity, or who have no work experience, the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled. Ordinarily, even a high school education or more which was completed in the remote past will have little positive impact on effecting a vocational adjustment unless relevant work experience reflects use of such education.

Page 8 – OPINION AND ORDER

and limitations, a finding of disabled was warranted. Under SSR 83-12, Plaintiff's "significantly reduced" exertional capacity "indicate[s] little more than the occupational base for [light work] and could justify [a] finding of "Disabled."" The ALJ therefore erred in concluding that Plaintiff was not disabled. For these reasons, this case is reversed and remanded for the payment of benefits.

## CONCLUSION

For the reasons stated above, the Commissioner's final decision is REVERSED and REMANDED for the immediate payment of benefits under sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 7th day of April 2021.

                                                    s/ Mustafa T. Kasubhai
                                                    MUSTAFA T. KASUBHAI (He / Him)
                                                    United States Magistrate Judge